USAO Rev. 3/21

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal Action No. 20-56 MN |
| ADRIAN WOOD, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, United States Attorney for the District of Delaware, and Christopher R. Howland, Assistant United States Attorney, and the defendant, Adrian Wood, by and through his attorney, Janet Bateman, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges the defendant with Civil Disorder, in violation of 18 U.S.C. § 231(a)(3).

2. The defendant understands that the maximum penalties for Count One are: five years of imprisonment; a $250,000 fine; three years of supervised release; restitution; and a $100 special assessment.

3. The defendant understands that if there were a trial with regard to Count One, the government would have to prove the following elements beyond a reasonable doubt: (1) that a civil disorder existed at the time of the alleged violation; (2) that such civil disorder in any way obstructed, delayed, or adversely affected commerce; (3) that one or more law enforcement officers were lawfully engaged in the

lawful performance of their official duties incident to and during the commission of such civil disorder; (4) that the Defendant attempted to commit an act for the intended purpose of obstructing, impeding, or interfering, either by himself or with someone else, in a violent manner with such law enforcement officer or officers; and (5) that such attempt to act was done willfully and knowingly. The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements of Count One.

4.  The defendant is pleading guilty to Count One because he is, in fact, guilty.

5.  Pursuant to Section 6B1.4 of the November 1, 2018, edition of the United States Sentencing Guidelines Manual ("U.S.S.G."), the parties enter into the following stipulation:

    a.  Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with the acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense-Level pursuant to U.S.S.G. § 3E1.1(a). Further, should it be determined that the defendant's Offense Level is 16 or greater prior to the application of the aforementioned two-level reduction, the United States agrees that the defendant's Offense Level should be reduced by one

additional level, pursuant to U.S.S.G. § 3E1.1(b), for a total reduction of three levels.

It is understood and agreed that: (1) the parties are free to argue (except as stated above) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, and departures; (2) this stipulation is not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed.

6. The defendant understands that the District Court must consider the United States Sentencing Guidelines, the applicable statutory maximum penalties, and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence that exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, is otherwise different than the defendant expected, or is contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

3

7.      The defendant agrees to pay the $100 special assessment on or before the day of sentencing. Should he fail to do so, or should he have other outstanding financial responsibilities as a result of his plea of guilty to Count One, the defendant agrees to voluntarily enter the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

8.      This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The government routinely files such an attachment, even though it may or may not contain additional terms. To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

9.      Pursuant to 18 U.S.C. § 3663A the defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses attributable to the defendant's activities as ordered by the Court, and expected to include: $400. The defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw his guilty plea.

////

4

10. It is further agreed by the undersigned parties that this Memorandum — together with sealed Attachment A — supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification provisions of this paragraph.

                                      DAVID C. WEISS
                                      UNITED STATES ATTORNEY

_____       By: _____
Janet Bateman, Esquire                 Christopher R. Howland
Attorney for Defendant                Assistant United States Attorney

_____
Adrian Wood, Defendant

Dated: September 28, 2021

AND NOW, this 28th day of September, 2021, the foregoing Memorandum of Plea Agreement is hereby accepted by this Court.

                                      _____
                                      THE HONORABLE MARYELLEN NOREIKA
                                      UNITED STATES DISTRICT JUDGE